# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BERNARD A. LUCONTONI and
ELIZABETH LUCONTONI,

Plaintiffs

v.

UNITED AIR LINES, INC

Defendant.

CIVIL ACTION NO.:
06-10570-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

August 23, 2006

HARRINGTON, S.D.J.

### INTRODUCTION

This is an employment discrimination action currently before the Court on Defendant

United Air Lines, Inc.'s ("United") Motion to Dismiss the claims of Plaintiffs Bernard and

Elizabeth Lucontoni.[1]  Plaintiff's Complaint was removed to this Court from the Suffolk County

Superior Court on April 3, 2006. The gravamen of the Complaint is that United – by repeatedly

failing to hire him in a supervisory capacity at its Logan Airport maintenance facility – illegally

discriminated against Lucontoni on the basis of his age. Though he originally sought monetary

relief in the form of back pay, front pay, and punitive damages, Lucontoni now seeks only

---

[1] For the sake of simplicity and because Elizabeth Lucontoni's sole claim (loss of consortium) has been surrendered by the plaintiffs, Bernard and Elizabeth Lucontoni are hereinafter collectively referred to as "Lucontoni" or "the plaintiff."

equitable relief in the form of an injunction barring the defendant from discriminating against its employees on the basis of their age. United argues that plaintiff's request for an injunction should be denied, and all claims dismissed, because United is in the process of emerging from bankruptcy. Specifically, United points to a January 20, 2006 confirmation order entered by the United States Bankruptcy Court for the Northern District of Illinois confirming their reorganization plan and discharging all current or potential claims against the airline. That order provides, in pertinent part, that:

> [A]ll entities who have held, hold, or may hold Claims against or Interests in [the Debtors] are permanently enjoined, from and after the Effective Date[2], from: (i) *commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claim* . . . ; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against [the Debtor] on account of or in connection with or with respect to any such Claim . . . ; (iii) creating, perfecting, or enforcing any encumbrance of any kind against [the Debtor] on account of or in connection with or with respect to any such Claim . . . ; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due . . . on account of or in connection with or with respect to any such Claim . . . ; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claim against or Interest in the Reorganized Debtors . . . .

(Bankruptcy Court Confirmation Order (Docket No. 2) at ¶ 4(e)) (emphasis added); see also Reorganization Plan Article X(J)).

According to United, Lucontoni's lawsuit must be dismissed because the confirmation order and reorganization plan approved by the bankruptcy court plainly bar such suits. See 11

---

[2] United's plan went into effect on February 1, 2006. The full text of the plan and the bankruptcy court's order can both be found on this case's docket at entry No. 2.

U.S.C. § 1141(a); see also In re Friedberg, 192 B.R. 338, 341 (Bankr. S.D.N.Y. 1996) (upon a court's confirmation of the reorganization plan, all prior obligations and rights of the parties are extinguished and replaced by the plan). Lucontoni's response is two-fold. First, Lucontoni argues that his suit is akin to an action brought by the Massachusetts Commission Against Discrimination ("MCAD") – a state governmental unit – and therefore exempt from the automatic stay provision of 11 U.S.C. § 362(a). Lucontoni's second argument is that, because he has dropped all claims seeking monetary relief and now only requests an injunction, the Code should not operate to extinguish his claim. Both of these arguments fail.

Plaintiff's first argument misses the mark because there is a clear distinction between governmental actions pursued to enforce a police or regulatory power, and actions pursued by private parties. Governmental unit actions are exempted from automatic stay provision by 11 U.S.C. § 362(b)(4); private party actions are not. See In re Barry, 330 B.R. 28, 36 (Bankr. D. Mass. 2005) (distinguishing between suits pursued by the MCAD and those pursued by private parties); see also In re Nat'l Indus. Chem. Co., No. 98 C 4081, 1998 WL 887065, at *4 (Bankr. N.D. Ill. Dec. 11, 1998) ("Actions brought by private individuals are not . . . subject to the police or regulatory exception to the automatic stay.").[3] Plaintiff's second argument falls short because United's reorganization plan clearly states that all entities are enjoined from commencing or continuing "*any action of any kind*" on account of or in connection with any claim or potential claim held. (Confirmation Order at ¶ 4(e)) (emphasis added). The broad language of the plan

---

[3] Even if the Court were to set this axiomatic principle aside, plaintiff's invocation of Section 362(b)(4) is little more than a red herring because the automatic stay is no longer in effect having been replaced by the terms of United's reorganization plan. See 11 U.S.C. § 1141(b); In re 12th & N Joint Venture, 63 B.R. 36, 38 (Bankr. D.D.C. 1986) ("the automatic stay pursuant to Section 362 . . . cease[s] to operate upon confirmation of a plan.").

controls, and Lucontoni's action falls within its scope – notwithstanding the fact that he no longer seeks monetary relief.

## CONCLUSION

For the foregoing reasons, defendant's motion is granted and the plaintiff's case hereby dismissed.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge